UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DAVID RODRIGUEZ,

    Plaintiff,

vs.

                                                                COMPLAINT

1018 JEFFERSON, LLC d/b/a SoBe You, a
Florida limited liability company, and
THOMAS E. HILL, an individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff DAVID RODRIGUEZ ("Plaintiff"), who was an employee of Defendants 1018 JEFFERSON, LLC d/b/a SoBe You, a Florida limited liability company, and THOMAS E. HILL, an individual (together, "Defendants"), and files this Complaint for breach of contract, unpaid overtime wages, liquidated damages, and attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. and Fla. Stat. § 448.08.

### I.    JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' catering operation is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal and state question claims.

1

## II.     PARTIES

3. Plaintiff DAVID RODRIGUEZ ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was a salaried, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant 1018 JEFFERSON, LLC d/b/a SoBe You ("1018 Jefferson, LLC") is a Florida limited liability company that owns and operates SoBe You, the bed and breakfast at which Plaintiff was employed, located at 1018 Jefferson Avenue, Miami Beach, Florida.

5. Defendant THOMAS E. HILL ("Hill"), an individual and *sui juris*, is the sole manager and owner of 1018 Jefferson, LLC. Hill acted directly and indirectly in the interest of 1018 Jefferson, LLC and had the power to direct employees' actions.  Hill had management responsibilities, degree of control over the company's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at 1018 Jefferson, LLC in accordance with the FLSA, making Defendant Thomas E. Hill an employer pursuant to 29 USC § 203(d).

## III.     COVERAGE

6. During the all material times, Defendant 1018 Jefferson, LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7. During the all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

8. During the all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## IV.   FACTUAL ALLEGATIONS

9. Defendants own and operate SoBe You, the bed and breakfast at which Plaintiff was employed, in Miami-Dade County.

10. This action is brought under Federal law pursuant to the FLSA for unpaid overtime wage compensation, liquidated damages, and other relief.

11. This action is brought under Florida law for breach of contract for unpaid wages, as Defendants have willfully refused to pay Plaintiff $2,000.00 for his last two weeks' work.

12. Plaintiff was a non-exempt salaried employee who worked for Defendants performing the duties of server, cook, dishwasher, housekeeper, receptionist, reservationist, bookkeeper, gardener, laundry attendant, and supervisor during the period from March, 2014 to January, 2016, approximately.

13. Throughout Plaintiff's employment, he was paid a salary of $1,000.00 per week.

14. During this period of approximately One Hundred (100) weeks, Plaintiff estimates he worked a total of Thirty-five (35) overtime hours per week although he was never paid at the overtime rate for a non-exempt employee.

15. Defendants willfully engaged in practices that denied Plaintiff the applicable overtime wage under the FLSA.

16. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

## FAILURE TO PAY OVERTIME WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

17. Plaintiff reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

18. Defendants willfully and intentionally failed to pay Plaintiff one-and-a-half times his regular wage for hours worked over forty per week.

19. As a direct and proximate result of Defendants' willfully and intentionally failed to pay Plaintiff one-and-a-half times his regular wage for all hours worked over forty per week, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff DAVID RODRIGUEZ demands judgment in his favor and against Defendants, jointly and severally, as follows:

   a) Award to Plaintiff for payment of all overtime hours at one and one-half times the regular rate of pay;

   b) Award to Plaintiff liquidated damages equal to the payment for all overtime hours owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## BREACH OF ORAL CONTRACT – UNPAID WAGES – FLA. STAT. 448.08

20. Plaintiff reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

21. In March, 2014, Defendants entered into an oral contract with Plaintiff to employ him at SoBe You at a salary of $1,000.00 per week.

4

22. On January 14, 2016 Plaintiff resigned his position(s).

23. Plaintiff was owed two weeks' salary at the time of his resignation.

24. Plaintiff was never paid for his last two weeks' salary.

25. By not paying Plaintiff his salary due, Defendants have breached the contract.

26. Because of the breach, Plaintiff has suffered damages.

WHEREFORE, Plaintiff DAVID RODRIGUEZ demands judgment in his favor and against Defendants, jointly and severally, as follows:

e) Award to Plaintiff for payment of $2,000.00 representing his last two weeks' pay;

f) Award to Plaintiff reasonable attorneys' fees and costs under Fla. Stat. § 448.08; and

g) Award such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 9th day of February, 2016.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **February 9, 2016**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

                By:    **s/Robert W. Brock II**
                      Florida Bar No. 75320
                      robert@kuvinlaw.com
                      legal@kuvinlaw.com
                      *Law Office of Lowell J. Kuvin*
                      17 East Flagler Street, Suite 223
                      Miami, Florida 33131
                      Tel.: 305.358.6800
                      Fax: 305.358.6808
                      *Attorney for Plaintiff*

**RODRIGUEZ v. 1018 JEFFERSON, LLC & HILL**
**CASE NO.:**

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808